ELLIS, Judge.
Plaintiff filed suit upon a note as the holder and owner in due course before maturity, dated March 18, 1958, payable 20 days after date to the order of bearer, in the sum of $500 and signed by the defendant Henry I. Randle. The defendant answered denying “for facts insufficient to justify belief,” that the plaintiff was the holder and owner in due course for a valuable consideration and before maturity of the note. Pie further alleged in his answer facts which he contended showed that the plaintiff was not a holder in due course for valuable consideration; that the note was *571 paid; that if the note was transferred for a valuable consideration then it was transferred in fraud of the defendant’s rights.
The minutes of the court state that the case came on to be heard pursuant to previous assignment, "the evidence was heard” and after argument by counsel the matter was submitted and the court rendered judgment in favor of the plaintiff as prayed for. Defendant appealed devolutively to this court. (Emphasis added.)
The minutes of the court show that evidence was taken upon the trial of the case and also the brief of counsel for appellee and appellant refers to testimony and an agreement dated April 5, 1958, between ap-pellee and one James S. Wheatly. The brief of counsel for the defendant also refers to testimony of the plaintiff and an agreement of April 7, 1958. There was no transcript of evidence in this record, and this fact had been called to the attention of counsel for appellee and appellant by the clerk of this court, with a request that it be supplied immediately.
Approximately five weeks after request was made for the transcript of evidence and special offerings, on or about April 8, 1959, a short transcript of testimony taken on the trial of the case was forwarded to the clerk of this court. Absent, however, from this record still is the most important document from the defendant’s standpoint, for he contends that under the terms of this document the plaintiff did not secure this note until April 7, 1958, which would be the due date of the note, although the defendant contends that the latter date would be one day after the maturity date of the note. On the trial of this case counsel for plaintiff evidently had this missing document in his hand when on direct examination of the plaintiff he asked the latter, “I notice on this release between you and Jas. E. Wheatly the date is April 5, 1958, is that correct?” and the plaintiff answered, “Yes.” The District Judge held that the plaintiff had acquired this note on April 5, 1958, or before maturity. In the absence of the release or agreement between plaintiff and the defendant, which counsel for defendant in his brief states was dated April 7, 1958, and in the absence of any other proof we must accept as a fact that the lower court was correct in its finding that the plaintiff acquired this note on April 5, 1958, or two days before maturity.
The record reveals also that plaintiff acquired the note as partial payment of a debt due him by Wheatly without notice of any defects.
Plaintiff was, therefore, a holder before maturity for a valuable consideration and without notice of the alleged defects presented in defendant’s answer.
For the above and foregoing reason the judgment of the District Court is affirmed at the cost of the appellant.
Affirmed.